CROSSLAND 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00603-CR







Randy Lee Crossland, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-94-0287-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING





 


 A jury found appellant Randy Lee Crossland guilty of two counts of burglary of
a habitation and one count of burglary of a building. His offense was enhanced with three
prior convictions, and the jury assessed punishment at sixty years' imprisonment for each of
the two counts of burglary of a habitation, and twenty-five years' imprisonment for the count
of burglary of a building. Crossland now appeals his conviction. We will affirm the judgment
of the district court.



THE CONTROVERSY


 This case involves three burglaries committed in San Angelo in 1993. On
October 11, 1993, a neighbor of Dr. Robert Grant discovered that Grant's house had been
entered and ransacked. Many of the Grant family's belongings were stolen, as well as about
$40,000 in cash. On November 17, 1993, Kay Sparks discovered her house was burglarized. 
Also on November 17, 1993, Fermin Coronado entered a house that he was remodeling for
Carol Carter and discovered that it had been ransacked.

 Police picked up Richard Kessler and Wayne Williford shortly after the
November 17 burglaries. Kessler confessed to police that he and Williford, along with
appellant, had burglarized the Grant and Carter homes. On November 21, 1993, police
executed a search pursuant to a warrant at appellant's residence. Police discovered many of
the items stolen from the Grant, Sparks and Carter homes in appellant's trailer home.

 Clifford Kizer, who is married to Mary Helen Kizer, appellant's mother-in-law,
approached the police on November 23, 1993 and said he was worried that he had helped
move stolen goods when earlier that day he had moved some items out of storage to his
apartment for his wife's daughter, Lanette Crossland, who is married to appellant. Later that
day, police executed a search pursuant to a warrant at the apartment rented by Clifford and
Mary Helen Kizer, and discovered many more of the items stolen from the Grant, Sparks and
Carter homes.

 Pursuant to an agreement with the State and in exchange for receiving deferred
adjudication on their felony charges, Kessler and Williford agreed to cooperate fully with the
State's investigation and prosecution of appellant. They each made second statements in April
1993, fully divulging their and appellant's involvement in the Grant and Carter burglaries. 
They also stated that appellant had bought a new Chevrolet S-10 Blazer, a new mobile home
and new furnishings for his home in the weeks after the burglaries.

 At trial, after the state's opening statement, defense counsel announced that he
would make his opening statement after the State's case at the opening of the defense's case. 
After the State presented its case, which included the testimony and cross-examination of
Kessler and Williford, defense counsel opted to waive opening statement and proceeded
directly to its case. Defense counsel recalled Williford and Kessler and presented a witness
who could establish a source of income for appellant.

 At the conclusion of all testimony, the court charged the jury on three counts of
burglary of a habitation and one count of the lesser included offense of burglary of a building. 
In the portions of the charge recounting the indictment and the offenses, the judge omitted
paragraph two of the indictment, which presented a definition of burglary of a habitation fully
alternative to paragraph one.

 During jury deliberations, the presiding juror sent the trial court a note, asking
if the jury could convict on circumstantial evidence alone. The court replied that the earlier
charge provided them with all the information they would need. The jury returned a verdict of
guilty on two counts of burglary of a habitation and one count of the lesser included offense of
burglary of a building. Appellant now appeals.



DISCUSSION


A.  Ineffective Assistance of Counsel

 In his first three points of error, appellant contends that he was denied effective
assistance of counsel because his trial counsel (1) failed to file a motion to suppress evidence
obtained in a search of appellant's residence and failed to request a jury charge concerning this
search; (2) failed to file a motion to suppress evidence obtained in the search of the residence
of appellant's mother-in-law, and failed to request a jury charge on this search; and (3) failed
to make an opening statement.

 The proper standard for determining claims of ineffective assistance of counsel
is set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Jackson v. State, 877
S.W.2d 768, 770-71 (Tex. Crim. App. 1994); Hernandez v. State, 726 S.W.2d 53 (Tex.
Crim. App. 1986) (adopting the Strickland standard). First, the defendant must show that
counsel's performance was deficient to the extent that counsel failed to function as the counsel
guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at
771. Second, the defendant must show that counsel's deficient performance prejudiced the
defense. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at 771. To demonstrate
prejudice, the defendant must show that "there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome." 
Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at 771; Wilkerson v. State, 726 S.W.2d
542, 550-51 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987).

 The defendant bears the burden of proof on both prongs of the Strickland test. 
Jackson, 877 S.W.2d at 771. Furthermore, a reviewing court must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance; that is, "the defendant must overcome the presumption that, under the
circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,
466 U.S. at 689; Jackson, 877 S.W.2d at 771. In other words, the record presented to the
reviewing court must rebut the presumption of reasonable professional assistance. Jackson,
877 S.W.2d at 771.

 In the instant case, the record is silent as to why appellant's trial counsel failed
to challenge the two searches or make an opening statement. A trial record alone is generally
insufficient to address claims of ineffective assistance of counsel because of the strong
presumption that trial counsel acted competently. Jackson, 877 S.W.2d at 772 (Baird, J.,
concurring). Here, appellant did not file a motion for new trial; therefore, the record contains
nothing on the issue of counsel's effectiveness. In a direct-appeal challenge to counsel's
effectiveness, a hearing on a motion for new trial is the primary method for making a record
of counsel's deficiencies. (1) On this undeveloped record, appellant does not indicate any defect
in the search warrants or the manner of their execution. Likewise, counsel's waiver of
opening statement is unexplained. Rather, appellant asks us to speculate as to why counsel did
not challenge the searches and did not make an opening statement. We are bound by
Strickland not to engage in such speculation. We must presume that trial counsel, better
positioned than an appellate court to judge the pragmatism of a particular case, "made all
significant decisions in the exercise of reasonable professional judgment." Strickland, 466
U.S. at 690; Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The record in
this case does not provide a sufficient basis to overcome this presumption. We conclude that
appellant failed to prove that counsel's performance was ineffective, and we therefore overrule
appellant's first three points of error.



B. Jury Charge

 1. Circumstantial Evidence

 In his fourth point of error, appellant charges that the trial court deprived
appellant of a fair trial in violation of the Due Process Clause of the Fourteenth Amendment
by not instructing the jury on circumstantial evidence. Appellant argues that, in response to
the jury's question regarding circumstantial evidence, the trial court was bound by Article
36.16 of the Code of Criminal Procedure to instruct the jury on circumstantial evidence. 
Article 36.16 states that "[a]fter the [closing] argument begins no further charge shall be given
to the jury unless required by the improper argument of counsel or the request of the jury . .
." Tex. Code Crim. Proc. Ann. art. 36.16 (West 1996). The trial court instructed the jury on
reasonable doubt according to the guidelines specified by the Court of Criminal Appeals. See
Geesa v. State, 820 S.W.2d 154, 161-62 (Tex. Crim. App. 1991) (overruling Carlsen v. State,
654 S.W.2d 444 (Tex. Crim. App. 1983) and requiring the use of an express instruction on
"reasonable doubt"). After the jury asked the judge if it could convict on circumstantial
evidence alone, the trial court instructed the jury that it could not answer the question and that
it should consider only the instructions already given and the evidence. Appellant did not
object at trial, but on appeal asserts that the judge was bound by law to instruct the jury on
circumstantial evidence in response to the question.

 Article 36.19 of the Code of Criminal Procedure prescribes the manner of
appellate review for both fundamental error and possible reversible error in a jury charge. 
Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). In reviewing a jury-charge error, we
must make a two-step review: first, we must determine if error actually exists in the charge,
and second, we must determine if the error resulted in sufficient harm to require reversal. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). If the error in the charge
was the subject of a timely objection in the trial court, then reversal is required if the error is
"calculated to injure the rights of defendant," which means no more than some harm must
exist to the accused from the error. In other words, an error which has been properly
preserved by objection will call for reversal as long as the error is not harmless. On the other
hand, if no proper objection was made at the trial, as is the case in this appeal, the defendant
must claim that the error was "fundamental." A judgment will be reversed for fundamental
error only if the error is so egregious and created such harm that the defendant "has not had a
fair and impartial trial." In both situations the actual degree of harm must be assayed in light
of the entire jury charge, the state of the evidence, including the contested issues and weight of
the probative evidence, the argument of counsel, and any other relevant information revealed
by the record of the trial as a whole. Id.

 With the foregoing in mind, we first address appellant's point of error by
determining if the judge erred in refusing to charge the jury on circumstantial evidence in
response to the jury's question. In Hankins v. State, 646 S.W.2d 191 (Tex. Crim. App.
1981), the Court of Criminal Appeals held that a jury charge on circumstantial evidence is
improper because such a charge erroneously suggests that the standard of proof in cases
involving circumstantial evidence is more rigorous than in cases focusing on testimonial
evidence. Id. at 198. In proving guilt beyond a reasonable doubt, direct and circumstantial
evidence are equally probative. Id. at 199.

 The trial court's instruction conformed exactly to the reasonable doubt
instruction mandated in Geesa v. State. See Geesa, 820 S.W.2d at 161-62. In Geesa, the
Court of Criminal Appeals set out a definitional instruction on reasonable doubt and held that
it must be given to the jury in all criminal cases. Id. Under Geesa and Hankins, the judge's
decision not to issue a supplemental jury instruction on circumstantial evidence was not error,
and therefore we need not consider whether the error was "fundamental" under Almanza. We
overrule appellant's fourth point of error.



 2. Omission of Indictment Paragraphs

 The indictment in this case contained three counts. Each count had five
paragraphs. Paragraphs three, four and five were enhancement paragraphs. Paragraph one of
each count alleged that appellant intentionally and knowingly entered a habitation, without the
consent of the owner, with the intent to commit theft. Paragraph two alleged that appellant
intentionally and knowingly entered a habitation, without the consent of the owner, and
committed the offense of theft of property. The Penal Code, as it existed at the time of this
offense, made either act a first degree felony. Tex. Penal Code Ann. §§ 30.02(a)(1),
30.02(a)(3) (West 1994). (2) The two paragraphs presented alternate theories of the crimes. At
submission, the trial court only instructed the jury on paragraph one in counts one, two and
three, and did not refer at all to paragraph two. In his final point of error, appellant alleges
that this omission "grossly" lowers the state's burden of proof.

 Appellant's claim is without merit. The State did not have the burden of
proving the alternative theories of the offense stated in paragraphs one and two of the
indictment. Where there are several ways of committing an offense, proof of any one of the
ways or means will support a conviction. See Aguirre v. State, 732 S.W.2d 320, 325-26 (Tex.
Crim. App. 1987) (on rehearing); Zanghetti v. State, 618 S.W.2d 383, 386-87 (Tex. Crim.
App. 1981). The trial court's omission of one theory of the crime could only benefit the
defendant. After the charge, the jury could only convict on the theory in paragraph one of the
indictment. If anything, the State's case became more difficult to prove because the charge
omitted one theory of the crime. We overrule appellant's fifth point of error and affirm the
judgment of conviction.



 

 Mack Kidd, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: March 6, 1996

Do Not Publish

1.   In a concurring opinion in Jackson, Judge Baird noted that, because of time constraints
in obtaining evidence, "[a]s a general rule, one should not raise an issue of ineffective
assistance of counsel on direct appeal." Jackson, 877 S.W.2d at 772 (Baird, J., concurring).
2.   This offense took place before September 1, 1994, and is governed by the law in
effect at the time the offense was committed. Penal Code, 73rd Leg., R.S., ch. 900, §
1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the code amendments effective
September 1, 1994, have no substantive effect on this offense, the current code is cited for
the sake of convenience.


we first address appellant's point of error by
determining if the judge erred in refusing to charge the jury on circumstantial evidence in
response to the jury's question. In Hankins v. State, 646 S.W.2d 191 (Tex. Crim. App.
1981), the Court of Criminal Appeals held that a jury charge on circumstantial evidence is
improper because such a charge erroneously suggests that the standard of proof in cases
involving circumstantial evidence is more rigorous than in cases focusing on testimonial
evidence. Id. at 198. In proving guilt beyond a reasonable doubt, direct and circumstantial
evidence are equally probative. Id. at 199.

 The trial court's instruction conformed exactly to the reasonable doubt
instruction mandated in Geesa v. State. See Geesa, 82